PETER C. ANDERSON
UNITED STATES TRUSTEE
MICHAEL A. JONES, State Bar No. 271574
ASSISTANT UNITED STATES TRUSTEE
NOREEN A. MADOYAN, State Bar No. 279227
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Blvd., Suite 1850
Los Angeles, California 90017
(202) 934-4064 telephone
(213) 894-2603 facsimile
Email: Noreen.Madoyan@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No.: 2:25-bk-20711-DS |
| | Chapter 11 |
| **GLOBAL GROUP PROPERTIES, INC. A CALIFORNIA CORPORATION,** | **UNITED STATES TRUSTEE'S NOTICE OF MOTION AND MOTION UNDER 11 U.S.C. § 1112(B) TO DISMISS, CONVERT, OR DIRECT THE APPOINTMENT OF A CHAPTER 11 TRUSTEE; DECLARATION OF BANKRUPTCY AUDITOR MARLENE FOUCHE IN SUPPORT THEREOF** |
| Debtor. | |
| | Hearing Date: January 8, 2026<br>Time: 1:00 p.m.<br>Place: Courtroom 1639<br>255 E. Temple St.<br>Los Angeles, CA 90012 |

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE FOR THE CENTRAL DISTRICT OF CALIFORNIA, DEBTOR, AND ALL PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that on January 8, 2026, at 1:00 p.m. in Courtroom 1639, or as soon thereafter as the matter may be heard, Peter C. Anderson, United States Trustee for the Central District of California (hereafter "U.S. Trustee"), through the undersigned attorney, will and hereby

- 1 -

1 does move this Court for an order dismissing, converting, or directing the appointment of a Chapter 11 trustee in the above-entitled case pursuant to 11 U.S.C. § 1112(b) for cause, and for such other relief as may be appropriate on the grounds set forth below.

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities attached hereto, all other papers and pleadings on file with this Court, and such evidence as the Court might receive at the time of the hearing on the Motion.

Local Bankruptcy Rule 9013-1(1)(f) requires that any opposition or response to this Motion must be stated in writing, filed with the Clerk of the Court and served on the United States Trustee at 915 Wilshire Blvd, Suite 1850, Los Angeles, CA 90017 and on the Chapter 7 Trustee, at least 14 days prior to the hearing. Failure to file and serve any opposition may be considered consent to the relief requested in this Motion.

DATE: December 18, 2025

                    Respectfully Submitted,
                    PETER C. ANDERSON
                    UNITED STATES TRUSTEE

            By:   /s/ Noreen A. Madoyan
                   Attorney for the United States Trustee

## I. INTRODUCTION

Global Group Properties, Inc., a California Corporation (hereinafter "Debtor") filed this current Chapter 11 case on November 29, 2025. The U.S. Trustee alleges that cause exists for dismissal, conversion to Chapter 7, or directing the appointment of a Chapter 11 trustee pursuant to 11 U.S.C. § 1112(b) because there is unexcused failure to satisfy timely Chapter 11 filing or reporting requirement and failure timely to provide information or attend meetings reasonably requested by the U.S. Trustee. Specifically, the Debtor has failed to timely comply with U.S. Trustee Chapter 11 requirements, and has even failed to file his bankruptcy schedules. Therefore, the instant case should be dismissed.

Further, as discussed below, given this is Debtor's third bankruptcy filing in three (3) years, and Debtor's pattern of filing bankruptcy cases without any schedules or producing any compliance documents to the U.S. Trustee, the U.S. Trustee is seeking a 2-year bar to refiling a future chapter 11 petition.

## II. JURISDICTION AND STANDING

This Court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157 (b)(2)(A) and (B). This motion is filed pursuant to 11 U.S.C. § 1112(b).

## III. STATEMENT OF FACTS

1. On November 29, 2025, the Debtor filed a voluntary Chapter 11 petition (the "Petition").[1]

2. To date, no disclosure statement or plan of reorganization has been filed or submitted by the Debtor.

---

[1] The U.S. Trustee respectfully requests that the Court take judicial notice of the Debtor's petition, schedules, statement of financial affairs, and other documents filed therewith and any amendments thereto which are in the Court's file, pursuant to Fed. R. Evid. 201, as made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9017. The information contained in these documents, signed under penalty of perjury by the Debtor(s), are admissible admissions of the Debtor pursuant to Fed. R. Evid. 801(d).

3. While the Debtor has not filed a Notice of Related Cases, the U.S. Trustee has reviewed its records and believes that this is the Debtor's 3rd bankruptcy filing in the last 3 years. Entities with the same name and same attorney filed voluntary Chapter 11 bankruptcy petitions on July 3, 2022, styled as case no. 2:22-13640-DS and on February 5, 2024, styled as case no. 2:24-10855-DS (the "Prior Bankruptcy Cases").

4. The U.S. Trustee notes that both of the Prior Bankruptcy Cases were dismissed by way of a U.S. Trustee Motions to Dismiss case, as Debtor failed to stay current on U.S. Trustee compliance guidelines, which were unopposed by the Debtor.

5. The Debtor has failed to comply with the requirements of the U.S. Trustee's Guidelines and Requirements for Chapter 11 Debtors in Possession Effective September 1, 2022 (Notices and Guides), Bankruptcy Code, and/or Local Bankruptcy Rules by failing to provide documents, financial reports or attend requirement meetings as follows:

   a. Debtor has failed to timely file Schedules of Assets and Liabilities, Statement of Financial Affairs, and Notice of Setting/Increasing Insider Compensation. **Incomplete Filings due by 12/29/2025.**
   b. The Debtor failed to appear at the Initial Debtor Interview held on 12/18/2025 at 9:00 a.m.
   c. The Debtor failed to appear at the §341(a) meeting of creditors held on 12/18/2025 at 9:30 a.m. (the "Meeting of Creditors")
   d. The Debtor has failed to provide the Declaration of Debtor Regarding Compliance with U.S. Trustee Guidelines and Requirements for Chapter 11 Debtors in Possession ("Chapter 11 Compliance Declaration").
   e. The Debtor has failed to provide the Real Property Questionnaire(s).
   f. The Debtor has failed to provide sufficient evidence of closing of all pre-petition bank accounts including: (a) closing bank statements; and/or (b) bank account information in the Chapter 11 Compliance Declaration.
   g. The Debtor has failed to provide sufficient evidence of the opening and maintenance of the three debtor-in-possession bank accounts (general, payroll and tax) including a copy of the "debtor-in-possession" check for each account.
   h. The Debtor has failed to provide sufficient evidence of current insurance coverage including: (a) the declaration page for each policy; and/or (b) insurance information in the Chapter 11 Compliance Declaration.
   i. The Debtor has failed to provide proof of required certificates and/or applicable licenses in the Chapter 11 Compliance Declaration.
   j. The Debtor has failed to provide a list of insiders as defined in 11 U.S.C. § 101(31) in the Chapter 11 Compliance Declaration.
   k. The Debtor has failed to provide the Financial Statement information in the Chapter 11 Compliance Declaration.

l. The Debtor has failed to provide a projected cash flow statement for the first 90 days of operation under chapter 11.
m. The Debtor has failed to provide a conformed copy(ies) of the recording of the Debtor(s)'s bankruptcy petition in each county in which real property is owned.
n. The Debtor has failed to provide a Statement of Major Issues and Timetable Report.
o. The Debtor has failed to provide copies of the preceding two years of state and federal income tax returns and the most recent payroll and sales tax returns at the Initial Debtor Interview.
p. The Debtor has failed to provide an Employee Benefit Plan Questionnaire.
q. The Debtor's Monthly Operating Report for November 2025 will be due by December 21, 2025.
r. The Debtor's quarterly fees for the 4th Quarter 2025 continue to accrue.

## IV. LEGAL ARGUMENT

### A. CONVERSION OR DISMISSAL UNDER 11 U.S.C. § 1112(b)

11 U.S.C. § 1112(b)(1) states:

"Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate."

Under 11 U.S.C. § 1112(b)(4) "For the purpose of this section, the term 'cause' includes- (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; (B) gross mismanagement of the estate; (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public; (D) unauthorized use of cash collateral substantially harmful to one or more creditors; (E) failure to comply with an order of the Court; (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; (G) failure to attend the meeting of creditors convened under section 341(a)…without good cause shown by the debtor; (H) failure timely to provide information or attend meetings reasonably requested by the United States Trustee (or the bankruptcy administer, if any);…(J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;...(K) failure to pay any fees or charges required under chapter 123 of title 28;..." 11 U.S.C. § 1112(b)(4).

The bankruptcy court has broad discretion in determining what constitutes "cause" adequate for dismissal under 11 U.S.C. § 1112(b).  *See In re Consolidated Pioneer Mortg. Entities*, 248 B.R. 368, 375 (9th Cir. B.A.P. 2000).  While section 1112(b)(4) identifies a number of factors that can constitute "cause" for dismissal of a case, the list is not exhaustive. *Id*.

Local Bankruptcy Rule 2015-2(a) also mandates timely compliance with the reasonable requirements of the Office of the United States Trustee.

### A. THE DEBTOR'S FAILURE TO COMPLY WITH U.S. TRUSTEE REQUIREMENTS CONSTITUTES "CAUSE."

A debtor's failure to timely satisfy any filing or reporting requirement is cause under 11 U.S.C. § 1112(b)(F) and (H).  Local Bankruptcy Rule 2015-2(a)(1) provides that the debtor (other than small business cases and Subchapter V cases) "must file reports in compliance with this Rule and any requirements established by the United States Trustee…"  Under the U.S. Trustee Notices and Guides, a chapter 11 debtor must provide, among other things, the following documents to the U.S. Trustee within 7 days of the bankruptcy filing: real property questionnaire, proof of insurance coverage, declaration of closure of all pre-petition bank accounts, list of insiders, projected cash flow, and tax returns.  Failure to comply with the reporting requirements of the United States Trustee and Local Bankruptcy Rules is cause to dismiss or convert a chapter 11 case.  *See In re Bowers Investment Company, LLC*, 553 B.R. 762, 774 (D. Alaska 2016); *In re 3868-70 White Plains Road, Inc.*, 28 B.R. 515, 519 (Bankr. S.D.N.Y. 1983).  As detailed above and in the attached declaration in support hereof, "cause" exists under 11 U.S.C. § 1112(b)(F) and (H) because of the Debtor's unexcused failure to timely comply with U.S. Trustee reporting requirements.

### B. THE DEBTOR'S FAILURE TO MAINTAIN INSURANCE THREATENS PUBLIC SAFETY AND EXPOSES THE ESTATE TO LIABILITY.

A debtor's "failure to maintain appropriate insurance that poses a risk to the estate or the public" constitutes "cause" to dismiss.  11 U.S.C. § 1112 (b)(4)(C).  A debtor must maintain property and liability insurance coverage so that the assets of the bankruptcy estate are protected against loss. *In re Van Eck*, 425 B.R. 54 (Bankr. D. Conn. 2010).

In the instant case, the Debtor has not met its burden of establishing that there is adequate insurance in place. Although schedules have not been filed in this case, Debtor's counsel informed the U.S. Trustee this is a single asset real estate case. Without adequate evidence of insurance on that property, the Estate is exposed to significant liability. Therefore, cause exists under 11 U.S.C. § 1112(b)(4)(C).

### C.    THE COURT SHOULD DISMISS RATHER THAN CONVERT THIS CASE.

Under 11 U.S.C. § 1112(b)(1), when the court finds "cause" to dismiss or convert a chapter 11 case, the court must decide which of the several court actions will best serve the estate's creditors. It must: "(1) decide whether dismissal, conversion, or the appointment of a trustee or examiner is in the best interests of the creditors and the estate; and (2) identify whether there are unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate." *In re: Sullivan*, 522 B.R. 604, 612 (9th Cir. BAP 2014).

Here, as of December 18, 2025, the Debtor has not filed schedules or a statement of financial affairs; therefore, the U.S. Trustee is unable to determine if there are any assets that could be administered that will provide a meaningful distribution to creditors. Further, the Debtor has failed to provide of the documents required for the Debtor's "7-day package." Such lack of any production gives significant concern for the U.S. Trustee as to the viability of this bankruptcy case. Further, the Debtor failed to appear at the initial debtor interview and the Meeting of Creditors held on 12/18/2025, further demonstrating Debtor has no intention of prosecuting this case. As a result, based on the current evidence available, dismissal appears to be in the best interest of creditors and the appropriate remedy in this case.

Finally, there are no unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate. Therefore, based on the evidence currently available, dismissal would be in the best interest of creditors.

### D.    THE COURT SHOULD DISMISS THIS CASE WITH A REFILING BAR.

The Court may prohibit a debtor from filing another bankruptcy petition for a period of 180 days where the debtor has failed to properly prosecute the case. 11 U.S.C. §§ 105, 109(g) and 349(a). Sections 349 and 105 permit dismissal with a bar to re-filing. *Leavitt v. Soto (In re*

*Leavitt),* 209 B.R. 935, 940 (B.A.P. 9th Cir. 1997), *aff'd* 171 F.3d, 1219, 1223 (9th Cir. 1999). Section 349 gives a court authority to "sanction a debtor for cause by imposing a bar against re-filing." *See In re Mitchell*, 357 B.R 142, 157 (Bankr. C.D. Cal. 2006). Further, Section 105(a) vests a Court with the authority to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of title 11. 11 U.S.C. § 105(a). Thus, the Court can fashion the dismissal order with a re-filing bar in a way that is appropriate for the case.

Here, it appears the case was filed to hinder or delay the Debtor's creditors, and the Debtor has no intention of prosecuting the case. Further, given the pattern of filing bankruptcy cases with no schedules or compliance, and the Debtor's failure to appear at the initial debtor interview and Meeting of Creditors further cements the need for restrictions on Debtor's ability to refile this case. The Debtor has previously filed for bankruptcy protection as evidenced by the Prior Bankruptcy Cases and has been unsuccessful in filing schedules or staying in compliance with the U.S. Trustee Guidelines. Thus, the U.S. Trustee requests that the case be dismissed with a refiling bar.

Based on the previous bankruptcy filings it appears that the Debtor is abusing the bankruptcy system by failing to properly prosecute these bankruptcy cases filed in order to simply delay foreclosure proceedings. Accordingly, dismissal with a 2-year bar against refiling is appropriate in this case.

## V. **CONCLUSION**

For the reasons set forth above, the Court should find cause under § 1112(b) and grant the U.S. Trustee's motion.

WHEREFORE, the U.S. Trustee respectfully requests that this Court grant this Motion, and issue any other and further relief as this Court deems appropriate.

DATE: December 18, 2025

> Respectfully Submitted,
> PETER C. ANDERSON
> UNITED STATES TRUSTEE
>
> By:  /s/ Noreen A. Madoyan
> Attorney for the United States Trustee

## DECLARATION OF MARLENE FOUCHE

I, Marlene Fouche, hereby declare:

1. I am over the age of eighteen years, and if called upon to testify I could and would do so competently. I am employed as an auditor by the Office of the United States Trustee for the Central District of California in the Los Angeles Field Office. I am the Auditor assigned to the case of *In re: Global Group Properties, Inc., a California Corporation* Case No. 2:25-bk-20711-DS. I have personal knowledge of the facts set forth herein, and based on that personal knowledge I assert that all such facts are true and correct to the best of my knowledge.

2. I am familiar with the procedures of the United States Trustee for maintaining paper and electronic submissions by debtors of the requirements of the United States Trustee for Chapter 11 debtors. These procedures include the routine maintenance of paper and electronic submissions by debtors in electronic files that are maintained for each Chapter 11 case in order for the United States Trustee to discharge his statutory duties. I have reviewed the files and electronic records of the United States Trustee for his case and have included the results of my review in this declaration.

3. Based on my review of the case file, the Debtor has failed to comply with the requirements of the U.S. Trustee's Guidelines and Requirements for Chapter 11 Debtors in Possession Effective September 1, 2022 (Notices and Guides), Bankruptcy Code, and/or Local Bankruptcy Rules by failing to provide documents, financial reports or attend requirement meetings as follows:

   a. Debtor has failed to timely file Schedules of Assets and Liabilities, Statement of Financial Affairs, and Notice of Setting/Increasing Insider Compensation. **Incomplete Filings due by 12/29/2025.**
   b. The Debtor failed to appear at the Initial Debtor Interview held on 12/18/2025 at 9:00 a.m.
   c. The Debtor failed to appear at the §341(a) meeting of creditors held on 12/18/2025 at 9:30 a.m. (the "Meeting of Creditors")
   d. The Debtor has failed to provide the Declaration of Debtor Regarding Compliance with U.S. Trustee Guidelines and Requirements for Chapter 11 Debtors in Possession ("Chapter 11 Compliance Declaration").
   e. The Debtor has failed to provide the Real Property Questionnaire(s).
   f. The Debtor has failed to provide sufficient evidence of closing of all pre-petition bank accounts including: (a) closing bank statements; and/or (b) bank account information in the Chapter 11 Compliance Declaration.

g. The Debtor has failed to provide sufficient evidence of the opening and maintenance of the three debtor-in-possession bank accounts (general, payroll and tax) including a copy of the "debtor-in-possession" check for each account.
h. The Debtor has failed to provide sufficient evidence of current insurance coverage including: (a) the declaration page for each policy; and/or (b) insurance information in the Chapter 11 Compliance Declaration.
i. The Debtor has failed to provide proof of required certificates and/or applicable licenses in the Chapter 11 Compliance Declaration.
j. The Debtor has failed to provide a list of insiders as defined in 11 U.S.C. § 101(31) in the Chapter 11 Compliance Declaration.
k. The Debtor has failed to provide the Financial Statement information in the Chapter 11 Compliance Declaration.
l. The Debtor has failed to provide a projected cash flow statement for the first 90 days of operation under chapter 11.
m. The Debtor has failed to provide a conformed copy(ies) of the recording of the Debtor(s)'s bankruptcy petition in each county in which real property is owned.
n. The Debtor has failed to provide a Statement of Major Issues and Timetable Report.
o. The Debtor has failed to provide copies of the preceding two years of state and federal income tax returns and the most recent payroll and sales tax returns at the Initial Debtor Interview.
p. The Debtor has failed to provide an Employee Benefit Plan Questionnaire.
q. The Debtor's Monthly Operating Report for November 2025 will be due by December 21, 2025.
r. The Debtor's quarterly fees for the 4th Quarter 2025 continue to accrue.

I declare under penalty of perjury that the foregoing facts are true and correct.

Executed on December 18, 2025 in Los Angeles, CA.

_____
Marlene Fouche

- 10 -

UNITED STATES BANKRUPTCY COURT
Central District of California Los Angeles

| In re:  Global Group Properties, Inc., a California corporation,  Debtor(s). | Case No.: 25-20711  Chapter: 11 |
|---|---|

**PROOF OF SERVICE**

I, Tinamarie Feil, state as follows:

I am over the age of 18 and not a party to the above-captioned case. I am employed by BMC Group, Inc., an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Rules 9001(9) and 2002(g)(4) of the Federal Rules of Bankruptcy Procedure.

I declare that on 12/18/2025, as directed by Office of the United States Trustee, true and correct copy(s) of the following document(s) were served on the party(s) listed on the attached exhibit(s) via the mode(s) of service thereon indicated. Such service was performed under my direct supervision, by employees of BMC Group, Inc.

Global Group // Mtn to Dismiss

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.
12/18/2025

*Tinamarie Feil*
Tinamarie Feil
BMC Group, Inc.
Approved Bankruptcy Notice Provider
info@bmcgroup.com;
888.909.0100

**Exhibit A - Certificate of Service**
**Global Group Properties, Inc., a California corporation 25-20711**

| List ID | Name and Address of Served Party | Mode of Service |
|---|---|---|
| 27643 | Global Group Properties, Inc., a California corporation, 11409 Carson Street, Lakewood, CA, 90715, United States of America | First Class |
| 27643 | Michael A Cisneros, Michael A. Cisneros, 50 W. Lemon Avenue, Ste 1, Monrovia, CA, 91016, United States of America, mcisneros@mac.com | First Class |